IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOE FRED BAILEY, III                                                              PLAINTIFF

V.                                                    NO. 2:11CV0109-P-S

COAHOMA COUNTY JAIL, et. al                                    DEFENDANTS

## REPORT AND RECOMMENDATION

On August 25, 2011, the plaintiff, an inmate currently housed at the Coahoma County Jail, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under 42 U.S.C. § 1983.

In his complaint, the plaintiff alleged a claim for delay of medical care. Specifically, the plaintiff stated that on the evening of April 21, 2011, he awoke in his bunk, stretched and touched an exposed electrical wire in the light fixture above his bed. The plaintiff explained that the wires were the only thing holding the light fixture to the ceiling. The shock from the live wire knocked the plaintiff off of his top bunk onto the floor. As a result of the fall, the plaintiff was unable to move his hand. He asked Defendant Chestnut for medical attention and was allegedly told in a less than professional manner that there was not anything wrong with him (the plaintiff). The plaintiff was later moved to solitary and around 3:30 a.m. he was taken to the hospital for treatment. He received a shot in his hand and was released. The plaintiff stated that could fully close his hand within three days and alleged that he still does not have full strength in his hand. For relief, the plaintiff is seeking compensatory damages.

## RESPONDEAT SUPERIOR

At the *Spears* hearing, the plaintiff essentially admitted that Defendants Beasley and Jones were being sued for their roles as supervisors. It is well settled that a state actor cannot be liable absent any personal involvement in the events which gave rise to the civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is

not cognizable in 1983 actions). Absent the requisite personal involvement, the plaintiff has failed to state a claim against Defendants Beasley and Jones and they should be dismissed.

## DELAY OF MEDICAL TREATMENT

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). To establish delayed medical attention, the plaintiff must demonstrate that defendants were deliberately indifferent and that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

Based on the fact as presented by the plaintiff, he has failed to state a claim for denied or delayed medical treatment. The plaintiff stated that he fell off his bunk around 7:00 p.m. and did not receive medical treatment until approximately 3:30 a.m. While this is a literal delay, the plaintiff has not demonstrated he suffered "substantial harm" from the delay. To the contrary, the plaintiff admitted he could fully close his hand within three days. Furthermore, the non-specific injury to the plaintiff's hand did not amount to an excessive risk to his health. The defendants, therefore, did not knowingly disregard an excessive risk to the plaintiff's health or safety. For these reasons, the plaintiff has failed to state a claim upon which relief may be granted.

## CONCLUSION

It is the recommendation of the undersigned, therefore, that defendants Beasley and Jones be dismissed for the plaintiff's failure to state a claim. The undersigned also recommends that the substantive claim–delay of medical treatment–also be dismissed for failure to state a claim.

## OBJECTIONS

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph

may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 26th day of August, 2011.

/s/ David Sanders
UNITED STATES MAGISTRATE JUDGE